# 22-791

**UNITED STATES COURT OF APPEALS**
*for the*
**SECOND CIRCUIT**

---

**SHABTAI SCOTT SHATSKY, ET AL.,**

*Plaintiffs-Appellants,*

**UNITED STATES OF AMERICA,**

*Intervenor,*

v.

**PALESTINE LIBERATION ORGANIZATION, ET AL.,**

*Defendants-Appellees.*

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK IN 18 CIV. 123555 (MKV)
HONORABLE MARY KAY VYSKOCIL

---

## UNOPPOSED MOTION TO STAY PENDING CONCLUSION OF RELATED CASE

---

Plaintiffs-Appellants ("Plaintiffs") respectfully request that the Court stay proceedings in this case until the ultimate conclusion of a related appeal, *Fuld v. Palestine Liberation Organization*, No. 22-76, pending in this Court.

## BACKGROUND

This case is one of three cases now pending in this Court in which the question presented is the constitutionality of the Promoting Security and Justice for Victims

of Terrorism Act (PSJVTA), Pub. L. No. 116-94, div. J., tit. IX, § 903, 133 Stat. 3082 (2019) (codified at 18 U.S.C. § 2334(e)).

The first such case is *Fuld v. Palestine Liberation Organization*, Nos. 22-76 and 22-496 (*Fuld*). In that case, the plaintiffs sued the PLO under the Anti-Terrorism Act of 1992. The district court entered a final judgment dismissing the case for lack of personal jurisdiction, holding the PSJVTA unconstitutional. Plaintiffs and the United States have appealed. The appellants' briefs are due June 21, 2022.

The second such case is *Sokolow v. Palestine Liberation Organization*, Nos. 15-3135 and 15-3151. In that case, the plaintiffs obtained a money judgment, which this Court reversed for lack of personal jurisdiction. This Court then denied a motion to recall the mandate filed by the plaintiffs. On April 27, 2020, the Supreme Court vacated this Court's judgment and remanded for further consideration in light of the PSJVTA. On September 20, 2020, this Court remanded that case to the district court for the limited purpose of determining the application of the PSJVTA and any issues regarding its application including constitutionality. On March 10, 2022, the district court found that the PSJVTA applied and was unconstitutional. On March 24, 2022, the plaintiffs moved for reconsideration in the district court. On April 15, 2022, this Court held that appeal in abeyance pending the district court's decision on the motion for reconsideration.

The third such case is this one. On March 18, 2022, the District Court

dismissed the complaint for lack of personal jurisdiction. On April 14, 2022, plaintiffs filed their notice of appeal.

The United States is a party to this case, having intervened in the district court. Its notice of appeal is due May 17, 2022.

## **DISCUSSION**

This Court should stay further proceedings in this appeal pending the ultimate conclusion of the appeal in *Fuld v. Palestine Liberation Organization*, including any proceedings that may occur in the Supreme Court. The district court described the PSJVTA as "leaving no room to doubt Congress's intention to define the jurisdiction of the federal courts to include ATA suits against the PLO and PA," Dist. Ct. Opin. & Order. at 4, but held "I join my colleagues in concluding that the PSJVTA is unconstitutional, as applied to Defendants," *id.* at 8. "For purposes of Defendants' motion to dismiss for lack of personal jurisdiction, this case is essentially identical to *Fuld* and *Sokolow*, the decisions in those cases lay out all of the parties' arguments, and I will not belabor the discussion." *Id.*

This Court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

3

Thus, in order to conserve the resources of the Court and the parties, "in the exercise of a sound discretion [a Court] may hold one lawsuit in abeyance to abide the outcome of another, especially where the parties and the issues are the same." *Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937); *Brooklyn Tr. Co. v. Kelby*, 134 F.2d 105, 110 (2d Cir. 1943).

The ultimate decision in the *Fuld* case will most likely resolve this appeal. In these circumstances, the Court should hold this case in abeyance pending the ultimate decision in the *Fuld* case.

Prior to filing this motion the undersigned consulted with counsel for Defendant and counsel for the Government as to their position regarding the stay sought in this motion. Both Defendant and the Government responded stating that they would not oppose this motion, and would not respond to the motion.

## **CONCLUSION**

This Court should stay further proceedings in this appeal pending the ultimate conclusion of the appeal in *Fuld v. Palestine Liberation Organization*, including any proceedings that may occur in the Supreme Court.

Dated: April 25, 2022
    New York, New York

                      Respectfully submitted,

                      THE BERKMAN LAW OFFICE, LLC
                      *Attorneys for Plaintiffs-Appellants*

                      By:   /s/ Robert J. Tolchin
                             Robert J. Tolchin

                      111 Livingston Street, Suite 1928
                      Brooklyn, New York 11201
                      718-855-3627
                      rtolchin@berkmanlaw.com

## CERTIFICATE OF COMPLIANCE WITH FRAP 27

I hereby certify that the foregoing Motion to Stay, excluding the caption, signature block, and this certificate, contains 733 words, according to the Word Count feature in Microsoft Word.